# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL ZINSKY and SCOTT CASE,** individually and on behalf of others similarly situated, | ) ) ) ) | |
| | ) | **CASE NO. 1:21-CV-04932** |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | |
| **MEDLINE INDUSTRIES, INC.,** | ) ) | **Magistrate Judge Beth Jantz** |
| **Defendant.** | ) | |

## JOINT STIPULATION AND AGREEMENT TO SETTLE CLASS ACTION CLAIMS

This Joint Stipulation and Agreement to Settle Class Action Claims ("Settlement," "Stipulation," or "Agreement") is made by Michael Zinsky and Scott Case ("Plaintiffs" or "Class Representatives"), on behalf of themselves and each of the Class Members as defined herein, on the one hand, and Medline Industries, Inc. ("Defendant"), on the other hand, in the above-captioned action ("Action").

## I.      PROCEDURAL HISTORY

On September 16, 2021, Plaintiffs filed their Complaint in this Action in the Northern District of Illinois, on behalf of themselves and others similarly situated, alleging that Defendant miscalculated its employees' overtime rate of pay, in violation of the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 207 and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/4a. After exchanging discovery, the Parties attended a settlement conference and have now reached a settlement of Plaintiffs' claims.

DocuSign Envelope ID: 16EE899F-A657-401F-ABEB-B93C02B53756

## II.    DEFINITION OF "CLASS" AND "CLASS MEMBERS"

No class has been certified in this Action. As part of this Settlement, the Parties will ask the Court to certify the following class:

> All individuals who worked at Defendant's Dynacor facility in Mundelein, Illinois and who received a "Bonus" or "Warehouse Bonus" payment in at least one workweek during which they worked over 40 hours between September 16, 2018 and March 1, 2020 (collectively, the "Class," and each member thereof, "Class Member"). The Class shall include the Class Representatives and all Opt-in Plaintiffs (defined herein).

In their Motion for Preliminary Approval, Plaintiffs will ask the Court to certify the Class pursuant to 29 U.S.C. § 216(b) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. This Agreement does not constitute an admission of liability by Defendant. Defendant, however, will not oppose certification of these classes for purposes of obtaining the Court's approval of this Settlement Agreement. If, for any reason, the Court does not grant final approval of the Settlement, the Parties' stipulation to class certification shall be void *ab initio*, and Defendant expressly reserves its right to oppose class certification.

## III.    BENEFITS OF SETTLEMENT

1.    After discovery and investigation of the facts, an arm's-length settlement negotiation took place between the Parties. Plaintiffs recognize the expense and length of the proceedings necessary to continue the litigation against Defendant through trial and through any possible appeals. Plaintiffs also have taken into account the uncertainty and risk of further litigation, the defenses Defendant might raise, and the difficulties and delays inherent in litigation. In addition, this Agreement will provide a substantial and definite monetary settlement for Class Members. Based on the foregoing, the Plaintiffs and Plaintiffs' Counsel have determined that the Settlement set forth in this Agreement is a fair, adequate, and reasonable settlement, and is in the best interests of the Class Members.

DocuSign Envelope ID: 16EE899F-A657-401F-ABEB-B93C02B53756

2.      Although this Settlement does not constitute any admission of liability, Defendant has concluded that any further defense of this litigation would be protracted, uncertain, and expensive for all Parties. Unless this Settlement is made, Defendant will need to devote substantial amounts of time, energy, and resources to the defense of Plaintiffs' claims. Defendant has, therefore, agreed to settle in the manner and upon the terms set forth in this Agreement to effectuate the full, final, and complete resolution of the Action.

3.      The Parties agree to cooperate and take all necessary and appropriate steps to effectuate the terms of this Settlement, and, upon the entry of an order granting final approval to this Settlement, shall dismiss with prejudice all claims as set forth below.

## IV.      SETTLEMENT TERMS

NOW, THEREFORE, IT IS HEREBY STIPULATED, by and among the Plaintiffs on behalf of the Class on the one hand, and Defendant on the other hand, and subject to the approval of the Court, that the Action be compromised and settled pursuant to the terms and conditions set forth in this Agreement and that upon Final Approval (as defined below), the Action shall be dismissed with prejudice, subject to the following terms and conditions:

### 1.  Definitions.

As used in this Settlement, the following terms are defined as follows:

"Effective Date" means the latest date after which all of the following have occurred:  (1) this Joint Stipulation and Agreement to Settle Class Action has been executed by all Parties and counsel for the Settlement Class, the Named Plaintiffs, and Defendant; (2) the Court has given preliminary approval; (3) notice has been given to the Class Members, providing them with an opportunity to opt out of the Settlement; (4) Final Approval has been granted; and (5) the later of the following events:  (a) when the period for filing any appeal, writ, or other appellate proceeding opposing the Settlement has elapsed without any appeal, writ, or other appellate proceeding having

DocuSign Envelope ID: 16EE899F-A657-404E-ABEB-B93C02B53756

been filed; (b) when any appeal, writ, or other appellate proceeding opposing the Settlement has been dismissed finally and conclusively with no right to pursue further remedies or relief; or (c) when any appeal, writ, or other appellate proceeding has upheld in all respects the Court's Final Approval with no right to pursue further remedies or relief. In this regard, it is the intention of the Parties that the Settlement shall not become effective until the Court's order approving the Settlement is completely final, and there is no further legal recourse by an appellant or objector who seeks to contest the Settlement.

"Final Approval" means the date by which this Settlement is finally approved as provided herein and the Court enters Final Judgment and Order of Dismissal with Prejudice ("Final Judgment" or "Judgment").

The term "Settlement Fund" shall refer to the money that Defendant will pay into a Qualified Settlement Fund, in accordance with Paragraph V.2 below. The Qualified Settlement Fund shall consist of a total payment of $137,000.00, which includes all attorneys' fees and costs and any Class Representative Incentive Award, plus costs of settlement administration and plus the employer-share of taxes on wage payments to Class Members made under this Agreement.

The term "Settlement Administrator" means Simpluris, Inc. ("Simpluris").

The term "Parties" means the Plaintiffs (including on behalf of themselves and the Class Members) and Defendant.

The term "Plaintiffs' Counsel" and "Class Counsel" means Hughes Socol Piers Resnick & Dym, Ltd.

### 2. Qualified Settlement Fund.

The Settlement Administrator will establish a "Qualified Settlement Fund" within the meaning of Treasury Regulations § 1.468B-1, et seq., to which Defendant will pay the Settlement

DocuSign Envelope ID: 16EE899F-A657-401F-ABED-B93C02B53756

and the employer-portion share of taxes as set forth herein. In connection with Defendant's transfer of funds into the Qualified Settlement Fund, the following definitions will apply:

      a.     Defendant will be a "transferor" within the meaning of Treasury Regulation § 1.468B-1(d)(1) to the Qualified Settlement Fund with respect to the amounts transferred;

      b.     The Settlement Administrator will be the "administrator" of the Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), responsible for causing the filing of all tax returns required to be filed by or with respect to the Qualified Settlement Fund, paying from the Qualified Settlement Fund any taxes owed by or with respect to the Qualified Settlement Fund, and complying with any applicable information reporting or tax withholding requirements imposed by Treasury Regulation § 1.468B-2(1)(2) or any other applicable law on or with respect to the Qualified Settlement Fund, and in accordance with this Settlement Agreement; and

      c.     Defendant and the Settlement Administrator shall reasonably cooperate in providing any statements or making any elections or filings necessary or required by applicable law for satisfying the requirements for qualification as a Qualified Settlement Fund, including the relation-back election within the meaning of Treasury Regulation § 1.468B-1(j).

The Settlement Administrator shall promptly provide a current Internal Revenue Service ("IRS") Form W-9 of the Qualified Settlement Fund to Defendant.  Within twenty (20) days after the Court grants Final Approval of the Agreement, Defendant shall deposit $137,000 in the Qualified Settlement Fund established by the Settlement Administrator, plus the employer share of taxes calculated by the Settlement Administrator.

DocuSign Envelope ID: 16FE899F-A657-401E-ABEB-B93C02B53756

### 3. Settlement Administration Costs.

The Parties have selected Simpluris to administer this class action settlement. Defendant shall pay the costs of settlement administration in addition to the $137,000 to be deposited into the Qualified Settlement Fund.

### 4. Releases.

#### A. Overtime Class Members.

For all periods up to March 1, 2020, and in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, upon the Court's Final Approval of this settlement, Class Members who do not exclude themselves from the Settlement by filing a valid and timely notice of exclusion from this Settlement, on their own behalf and on behalf of their respective current, former, and future heirs, executors, administrators, assigns, and agents, past or present, forever discharge and fully release Defendant and its current or former parent companies, subsidiaries, related or affiliated companies, and each of their respective officers, directors, shareholders, owners, employees, members, managers, fiduciaries, trustees, employee payroll administrators, principals, heirs, consultants, insurers and reinsurers, agents, attorneys, and their respective successors and predecessors in interest, assigns, subsidiaries, affiliates or related companies, and parents, and any individual or entity which could be jointly liable with Defendant (the "Released Parties") from any and all federal, Illinois state, and local law claims, debts, losses, demands, obligations, rights, liabilities, penalties, complaints, and causes of action, including, without limitation, claims for penalties, liquidated damages, compensatory damages, punitive damages, waiting time penalties, restitution, other equitable relief, or attorneys' fees and costs and that arise out of the failure to pay or inaccurate payment of overtime premium pay by Defendant, including, but not limited to, unpaid overtime claims under the Illinois Minimum Wage law. The claims released shall include, without limitation, known and unknown claims relating to: failure

6

to pay or correctly calculate overtime wages, failure to timely pay overtime wages when due, and the underpayment of overtime wages. This release shall also include all claims relating to, among other things, any alleged exclusion of commissions, bonuses, contests, prizes, restricted stock units, or other compensation from the calculation of overtime wages.

Notwithstanding the foregoing, Class Members who do not exclude themselves from the Settlement by filing a valid and timely notice of exclusion from this Settlement do not release their claims, obligations, demands, actions, rights, liabilities and causes of action asserted against the Released Parties under the FLSA, until they sign, endorse, deposit, or cash their settlement check which will include the limited endorsement described in Section 6(f) of this Agreement.

### B. Named Plaintiffs.

In addition to the preceding paragraph, for all periods up to and including the date of Final Approval, Named Plaintiffs, on their own behalf and on behalf of their respective current, former, and future heirs, executors, administrators and assigns, waive, forever discharge and fully release Defendant from any and all liability for any and all claims, rights or damages, whether in law or equity, asserted or unasserted, fixed or contingent, apparent or concealed, or known or unknown, including, but not limited to: all claims which were or could have been alleged in the Action; all claims that arise out of a failure to pay for all hours worked, failure to pay overtime pay or minimum wage, or any other claim related to a failure to pay all wages due and owing; all claims under the Fair Labor Standards Act; the Illinois Minimum Wage Law; the Illinois Wage Payment & Collection Act; the Cook County Wage Ordinance; the Age Discrimination In Employment Act; the Americans With Disabilities Act; Sections 503 and 504 of the Rehabilitation Act of 1973; the Family Medical Leave Act; the Employee Retirement Income Security Act; the Occupational Safety and Health Act; the Worker Adjustment and Retraining Notification Act, as amended; any

other federal, state, or local statutory laws, including all human rights laws and laws against discrimination; any common law, contract law, or tort law cause of action; and any claims for interest, attorneys' fees, and/or costs; all other statutory, constitutional, contractual, and/or common law claims for wages, damages, restitution, unreimbursed expenses, equitable relief, penalties, liquidated damages, and/or punitive damages; provided, however, this Release does not waive or release any claims that Named Plaintiffs may have under Title VII of the Civil Rights Act of 1964 or the Illinois Human Rights Act or claims which arise after the date of this Agreement.

**5. Timeline of Settlement Events.**

The following timeline for the Settlement events listed sets forth the actions that must be taken under this Agreement. The date of Preliminary Approval is the base timeline for all actions. The Parties contemplate presenting this Agreement to the Court within ten (10) business days after both parties have executed the Agreement. Plaintiffs' Counsel will provide Defendant's Counsel with a draft of the motion for preliminary approval at least three business days in advance of filing.

- Twenty-one (21) days after Preliminary Approval, Defendant will provide the Settlement Administrator an Excel spreadsheet with the following information about each Class Member: name, Employee ID number, last known address, and social security number.

- Twenty-seven (27) days after Preliminary Approval, the Settlement Administrator will mail the Summary Notice, attached as Exhibit A, in accordance with Section IV.9 of this Agreement.

- Forty-five (45) days after the notice is mailed is the deadline to submit requests for exclusion from the settlement.

DocuSign Envelope ID: 16E58899F-A657-491F-AB5D-B93C02B53756

- Three days before the Final Approval Hearing is the deadline to submit an objection to the Settlement.

- No later than (60) days after the date that the notice is mailed, or on another date set by the Court, Plaintiffs' Counsel shall file a Motion for Final Approval of this Settlement and Plaintiffs' Petition for Attorneys' Fees.

- One week before the Final Approval Hearing, Defendant shall deposit $137,000, plus the amount of employer share of taxes calculated by the Settlement Administrator in the Qualified Settlement Fund established by the Settlement Administrator under Section IV.2 of this Agreement.

- Ten (10) calendar days after the Effective Date, the Settlement Administrator will mail settlement checks to Class Members in the amounts calculated by Class Counsel.

- Ninety (90) calendar days after the Settlement Administrator mails the settlement checks, Class Members must have cashed their checks ("the check cashing deadline"). All checks not cashed by this deadline will revert to the Qualified Settlement Fund and redistributed to the other Class Members.

- Fourteen (14) calendar days after the check cashing deadline, the Settlement Administrator shall redistribute all money remaining in the Qualified Settlement Fund to Class Members who cashed their initial check.

- Any amount that remains uncashed after an additional ninety (90) days after the second distribution to Class Members will revert to the Qualified Settlement Fund.

- Fourteen (14) calendar days after the second check cashing deadline, the Settlement Administrator shall distribute all money remaining in the Qualified Settlement Fund to Legal Aid Chicago, 120 S. LaSalle St., Suite 900, Chicago, IL 60603.

**6. Payments to Class Members.**

(a) Payments to Class Members shall be calculated as follows: Plaintiffs' Counsel will calculate the overtime shortfall for each class member due to Defendant not including Bonus or Warehouse Bonus payments in the regular rate of pay. Class members will receive the settlement payments listed in Exhibit B.

(b) The individual settlement payments to Class Members shall be allocated as follows: One-half of Class Members' Settlement Awards will be paid as owed back wages. The other half will be paid as statutory penalties and liquidated damages. From the Named Plaintiffs' and each Class Member's back wages, payroll deductions will be made by the Settlement Administrator for state and federal withholding taxes and any other applicable payroll deductions. The Settlement Administrator shall notify Defendant of its share of payroll taxes for the 50% of the gross amount allocated to wages.

(c) To the extent that any portion of the settlement payments could be considered an amount otherwise described in and potentially subject to Section 162(f)(1) of the Internal Revenue Code of 1986, as amended (the "Code"), by reason of not qualifying for the exception described in Section 162(f)(3) of the Code or otherwise, the Parties acknowledge and agree that all amounts described in the preceding subsection constitute restitution or remediation to the Class Members, or otherwise amounts paid to come into compliance with law, for purposes of the exception described in Section 162(f)(2) of the Code.

(d) The Settlement Administrator will pay the amounts withheld to the appropriate taxing authorities. Defendant will pay, separate and apart from the back pay, the

DocuSign Envelope ID: 16E58995-A657-4915-A9E9-B93C02553756

employer's share of all applicable taxes on any back paycheck distributed to the Class Member. The Settlement Administrator will issue an IRS Form W-2 for the back pay payment to each Class Member and will issue an IRS Form 1099 to each Class Member for the liquidated damages payment. Upon expiration of the check cashing deadline, all uncashed settlement checks shall revert to the Qualified Settlement Fund. Class Members are responsible to pay the appropriate individual taxes due on the Settlement Awards they receive.

(e)     It is expressly understood and agreed that the receipt of such Settlement Awards will not entitle any Class Member to additional or increased compensation or benefits under any company bonus, contest, or other compensation or benefit plan or agreement in place during the period covered by the Settlement. It is the intent of this Settlement that the Settlement Awards provided for in this Agreement are the sole payments to be made to Class Members in consideration for the Release, and that the Class Members are not entitled to any new or additional compensation or benefits as a result of having received the Settlement Awards (notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the period covered by this Settlement).

(f)     Settlement Check Endorsement.  All Class Members who have not already opted-in to the Action, shall "opt-in" to the FLSA collective action claims in this Action by signing, endorsing, depositing, or cashing their settlement checks, and such opt-in forms shall be filed with the clerk of the court pursuant to Section 9(a) of this Agreement.  Class Members' settlement checks shall contain, on the back of the check, the following limited endorsement, or something reasonably similar to be agreed on by the Parties:

CONSENT TO JOIN AND RELEASE OF CLAIMS:

By negotiating this check, I consent to join the Fair Labor Standards Act Illinois Minimum Wage Act claims in the case, *Zinsky v. Medline Industries, Inc.*, Case No. 21-cv-04932 pending in the U.S. District Court

for the Northern District of Illinois and agree to be bound by the Settlement Agreement in that case. I release and discharge Medline Industries, Inc. and the Released Parties from any and all claims or causes of action I have for unpaid overtime through March 1, 2020, including claims under the Fair Labor Standards Act and Illinois Minimum Wage Act.

_____          _____

Signature                                              Date

7. **Payment of Attorneys' Fees, Costs, and Incentive Awards.**

(a)     Ten (10) calendar days after the Effective Date, the Settlement Administrator shall pay to Plaintiffs' attorneys from the Qualified Settlement Fund all attorneys' fees and litigation costs approved by the Court.

(b)     Class Counsel shall ask the Court to award them no more than $45,000 as attorneys' fees and litigation costs. Any award of attorneys' fees will be paid from the $137,000 settlement amount.

(c)     The payment of the attorneys' fees and costs awarded to Class Counsel shall constitute full satisfaction of the obligation to pay any amounts to any person, attorney, or law firm for attorneys' fees, expenses, or costs in connection with this Action, this Settlement or any appeal, incurred by any attorney on behalf of the Class Members with respect to the claims against the Defendant. This payment shall relieve Defendant of any other claims or liability to any other attorney or law firm for any attorneys' fees, expenses or costs to which any of them may claim to be entitled on behalf of the Class Members and which arise out of the allegations in the Action. In exchange for such payment, Class Counsel will release and forever discharge any attorneys' lien on the Qualified Settlement Fund.

(d)     Class Counsel shall apply for a "Class Representative Incentive Award" to the Class Representatives Michael Zinsky and Scott Case in an amount not to exceed $4,000

DocuSign Envelope ID: 16E58995-A657-4A15-A8F9-B93C02B53756

($2,000 per Named Plaintiff) to be paid for their time pursuing the Action and in recovering wages on behalf of about 115 Class Members. Defendant agrees not to oppose such application. Any Class Representative Incentive Award shall be paid to the Class Representative at the same time he receives his settlement award. The Class Representative Incentive Award is separate and apart from any settlement award for which the Named Plaintiffs qualify as Class Members. The Class Representative Incentive Award will not be taxed as wages, and the Named Plaintiffs will receive a Form 1099 related to the Class Representative Incentive Award. The Named Plaintiffs agree to be solely liable for and pay all taxes on the Class Representative Incentive Awards.

### 8. Notice/Approval of Settlement and Settlement Implementation.

As part of this Settlement, the Parties agree to the following procedures for obtaining preliminary court approval of the Settlement, notifying Class Members about the Settlement, obtaining final court approval of the Settlement, and processing the settlement payments:

(a) <u>Preliminary Approval Hearing</u>. Plaintiffs shall move for Preliminary Approval of the Settlement ("Preliminary Approval" or "Order"). In conjunction with this hearing, Plaintiffs will submit this Agreement, which sets forth the terms of this Settlement, and will include proposed forms of all notices and other documents as attached hereto necessary to implement the Settlement.

(b) <u>Class Member Data</u>. Twenty-one (21) calendar days after the Court's Order granting Preliminary Approval, Defendant will provide the Settlement Administrator with each Class Member's name, most recent mailing address contained in its electronic records, employee ID number, and social security number or other tax identification numbers used by each Class Member while working for Defendant. The Settlement Administrator will use the social security numbers or tax identification numbers to prepare Class Members' Form W-2's and Form 1099's and, if necessary, to ascertain the Class Members' correct addresses.

DocuSign Envelope ID: 16E58995-A657-4A1F-A9E0-B93C02B53756

(c)     <u>Notice to Class Members</u>. On the timetable specified in Paragraph IV.5 of this Agreement, the Settlement Administrator shall send each Class Member a copy of the Summary Notice, attached hereto, via First Class regular U.S. mail. The Notice will be mailed using the most current mailing address information. Within twenty (20) calendar days of the date of the initial mailing, the Settlement Administrator shall promptly conduct a second mailing for any Class Member whose Summary Notice is returned as undelivered and for whom a forwarding address is provided by the U.S. Postal Service or through skip-tracing. If, after this second mailing, the Summary Notice is again returned as undelivered, then the notice mailing process shall end for that Class Member.

Upon completion of these steps by the Settlement Administrator, the Parties shall be deemed to have satisfied their obligation to provide the Summary Notice to each Class Member, and such Class Member shall be bound by all terms of the Settlement and the Court's Order and Final Judgment.

9.  **Procedure for Opting In, Objecting to or Requesting Exclusion from Class Action Settlement.**

(a)     <u>Procedure for "Opting In"</u>. Pursuant to the FLSA and as set forth in Section 6(f), all Class Members who sign, endorse, deposit, or cash a Settlement Check shall give their consent in writing to become a party plaintiff in the FLSA collective action claims asserted in the lawsuit, in accordance with 29 U.S.C. § 216(b). Within ten (10) days after the 180-day period for Class Members to cash checks (see Section 11(e) below) has expired, the Settlement Administrator shall provide copies of the endorsed settlement check to the Parties, which shall include the Consent to Join and Release of Claims endorsement described in Section 6(f), in filing ready format. Class Counsel will file such copies with the Court within ten (10) days of receipt from the Settlement Administrator. The Parties agree that the procedures set forth in this paragraph shall

DocuSign Envelope ID: 16E5899F-A657-4915-AB5D-B93C02B537B6

constitute compliance with the requirements under 29 U.S.C. § 216(b), that persons opting in to an FLSA collective action consent in writing, and that such consent be filed with the Court.

(b)    Procedure for Objecting. The Notice shall provide that Class Members who wish to object to the Settlement must mail a written statement to counsel for the Parties. The written statement must contain the Class Member's name, address, and telephone number. Such written statement must be received by Class Counsel and Defense Counsel no later than three days before the Final Approval Hearing. Class Members who fail to submit timely written objections shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

(b)    Procedure for Requesting Exclusion ("Opt Outs"). The Notice shall provide that Class Members who wish to exclude themselves from the Class must submit a written statement requesting exclusion from the Class. Such written request for exclusion must contain the Class Member's name, address, telephone number, must be returned by mail to the Settlement Administrator at a specified address, and must be postmarked no later than forty-five (45) after the notice is mailed ("Exclusion Deadline"). Any Class Member who opts out of the Class will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object, appeal, or comment thereon. No later than seven (7) calendar days after the Exclusion Deadline, the Settlement Administrator shall furnish to Defendant's Counsel a complete list of all Class Members who have timely requested exclusion from the Class.

### 10. Final Settlement Approval Hearing and Entry of Final Judgment.

With the Court's permission, a Final Approval Hearing shall be conducted to determine Final Approval of the Settlement along with the amount payable for the attorneys' fees and costs. Class Counsel will prepare, for Defense Counsel's review, a motion for final approval of the Settlement. Class Counsel will timely file the motion for final approval of the Settlement, which

DocuSign Envelope ID: 16E58995-A657-4A1E-A9E9-B93C02553756

will include a proposed order: (1) granting Final Approval of the Settlement; (2) adjudging the terms of settlement to be fair, reasonable, and adequate; (3) directing the Settlement Administrator and the Parties to carry out the Settlement's terms and provisions, including the distribution of settlement awards to Class Members; (4) dismissing this action on the merits, with prejudice, in accordance with the terms of this Agreement; (5) approving payment of attorneys' fees, litigation expenses, and costs to Class Counsel in an amount not to exceed $45,000; (6) approving incentive awards to the Class Representatives in an amount not to exceed $2,000 per Plaintiff; and (7) approving payment of reasonable settlement administration costs and fees.

### 11. Distribution of Settlement Awards.

(a)     The Settlement will be distributed to Class Members in the amounts outlined in Exhibit B.

(b)     Ten (10) calendar days after the Effective Date, the Settlement Administrator shall mail settlement checks to Class Members in the amounts calculated by Class Counsel.

(c)     Class Members will have ninety (90) calendar days (from the date of mailing) to cash their settlement checks. If the Settlement Administrator is unable to deliver a settlement check to a Class Member, or if a check remains uncashed within ninety (90) calendar days after it is mailed, then the check will be voided and returned to the Qualified Settlement Fund.

(d)     Fourteen (14) calendar days after the check cashing deadline, the Settlement Administrator shall redistribute all money remaining in the Qualified Settlement Fund to Class Members who cashed their initial check.  However, under no circumstances will a Class Member receive a check in an amount less than $2.00.

(e)     Class Members will have ninety (90) calendar days (from the date of mailing) to cash their second settlement checks. If the Settlement Administrator is unable to deliver

DocuSign Envelope ID: 16E58995-A657-4A1E-A9E9-B93C02B53756

a second settlement check to a Class Member, or if a second settlement check remains uncashed within ninety (90) calendar days after it is mailed, then the second settlement check will be voided and returned to the Qualified Settlement Fund.

### 12. Remainder Distribution.

The Settlement Administrator shall pay any portion of the Qualified Settlement Fund that is unclaimed after the second check cashing deadline to Legal Aid Chicago, 120 S. LaSalle St., Suite 900, Chicago, IL 60603.

### 13. Nullification or Rescission of Settlement Agreement.

(a) In the event: (i) the Court does not finally approve the Settlement as provided herein; (ii) the Court does not enter a Final Judgment which becomes final as a result of Final Approval; or (iii) the Settlement does not become final for any other reason that cannot be cured by the Parties, then this Settlement Agreement shall be null and void, and Defendant shall be under no obligation to pay any payment under this Agreement. Further, should Final Judgment not be entered and/or upheld on appeal, the Parties shall not have waived, and expressly reserve, their respective rights with regard to the prosecution and defense of the Action as if this Agreement never existed. In such case, the Parties and any funds to be awarded under this Settlement shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Agreement, and the Parties shall proceed in all respects as if this Agreement had not been executed. Any fees already incurred by the Settlement Administrator in the administration of the Settlement shall be the sole responsibility of the Defendant and shall not be reimbursed. In the event an appeal is filed from the Court's Final Judgment, or any other appellate review is sought prior to the Final Approval, administration of the Settlement shall be stayed pending final resolution of the appeal or other appellate review.

DocuSign Envelope ID: 16E58995-A657-4915-AB5D-B93C02B53756

(b) If the total number of Class Members who "opt out" of the Class by submitting valid and timely written requests for exclusion from the Class pursuant to Section IV.10(c) exceeds three percent (3%) of the total number of Class Members, Defendant shall reserve the right in their sole discretion to rescind the Settlement within thirty (30) days of reasonably discovering this fact by giving written notice to Plaintiffs' Counsel.

### 14. Privacy of Documents and Information.

The Plaintiffs and Class Counsel agree that none of the documents and information provided to them by Defendant, including but not limited to the documents and information received in connection with the Action through informal or formal discovery, the administration of this Settlement, or any other means, shall be used for any purpose other than prosecution of this Action and the administration of this Settlement.

### 15. Exhibits and Headings.

The terms of this Agreement include the terms set forth in any attached Exhibits, which are incorporated by reference as though fully set forth herein. Any Exhibits to this Agreement are an integral part of the Settlement. The descriptive headings of any paragraphs or sections of this Agreement are inserted for convenience of reference only and do not constitute a part of this Agreement.

### 16. Interim Stay of Proceedings.

Pending the Final Approval Hearing, the Parties agree to hold in abeyance all proceedings in the Action, except proceedings necessary to implement and complete the Settlement. In this regard, the Parties stipulate that until the Settlement is either approved fully or nullified, neither party need serve or respond to responsive pleadings or motions.

DocuSign Envelope ID: 16E5899F-A657-491F-A5E9-B93C02B53756

### 17. CAFA Notice.

Within ten (10) days of the Parties filing a motion for preliminary approval of this Settlement, Defendant shall serve the notices required by 28 U.S.C. § 1715.

### 18. Amendment or Modification.

This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest.

### 19. Entire Agreement.

This Agreement and any attached Exhibits constitute the entire agreement among these Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

### 20. Authorization to Enter Into Settlement Agreement.

Counsel for all Parties warrant and represent that they are expressly authorized by the Parties whom they represent to negotiate this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The signatories hereto hereby represent that they are fully authorized to enter into this Agreement and bind the respective Parties to the terms and conditions set forth herein. In the event that the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties may seek the assistance of the Court to resolve such disagreement.

### 21. Binding on Successors and Assigns.

This Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

**22. No Prior Assignments.**

The Parties and their counsel represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

**23. No Admission.**

Nothing contained herein, nor the consummation of this Agreement, is to be construed or deemed as an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant or any of the Released Parties. The Parties have entered into this Agreement solely with the intention to avoid further disputes and litigation and attendant inconvenience and expense.

**24. Extension of Time.**

The parties may, by mutual agreement, agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice to the Court, subject to Court approval.

**25. Illinois Law Governs.**

All terms of this Agreement and the Exhibits hereto shall be governed by and interpreted according to the laws of the State of Illinois, except as to any issues governed by federal law.

**26. Counterparts.**

This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts.

**27. Jurisdiction of the Court.**

The Court shall retain exclusive jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Agreement and all orders and judgments

DocuSign Envelope ID: 16E5899F-A657-491E-A8E9-B93C02B537B6

entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

**28. Cooperation and Drafting.**

Each of the Parties has cooperated in the drafting and preparation of this Agreement. Hence, in any construction made to this Agreement, the same shall not be construed against any of the Parties.

**29. Invalidity of Any Provision.**

Before declaring any provision of this Agreement invalid, the Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Agreement valid and enforceable.

[SIGNATURE PAGE FOLLOWS]

**NAMED PLAINTIFFS AND**
**PLAINTIFFS' COUNSEL**

DATED: August _2_, 2022.          PLAINTIFFS' COUNSEL

By: _Christopher Wilmes_
    9C4C7A90EEA64C2...
    CHRISTOPHER J. WILMES
    Attorney for Plaintiffs

DATED:  August _2_, 2022.          PLAINTIFF MICHAEL ZINSKY

    Michael Zinsky
    8F62CD7E4CC9456...

DATED:  August _8_, 2022.

          PLAINTIFF SCOTT CASE

    Scott Alan Case
    1FB1E470634947A...

**DEFENDANT**

DATED:  August 2, 2022.          MEDLINE INDUSTRIES, INC.

    By: _Pd 2 Chr___
        DAVID CHRISTLIEB
        Attorney for Defendant

22

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

**If you were employed at Medline Industries, Inc.'s Dynacor facility in Mundelein, Illinois between September 16, 2018 and March 1, 2020 and you received a "Bonus" or "Warehouse Bonus" during a week that you worked more than forty hours in a workweek, then you could receive an award from a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

In September 2021, Michael Zinsky and Scott Case filed a class action lawsuit alleging that Medline Industries, Inc. ("Defendant") violated the Fair Labor Standards Act ("FLSA") and Illinois Minimum Wage Law ("IMWL") by not paying workers the correct overtime rate for hours worked in excess of forty hours in a workweek. To amicably resolve this lawsuit, the parties have agreed to settle this matter by:

- Compensating people who were allegedly not paid the correct overtime rate of pay for hours worked in excess of forty in a workweek;
- Compensating Michael Zinsky and Scott Case for the work that they performed in bringing this lawsuit;
- Paying for administering the settlement; and
- Paying the Plaintiffs' lawyers for their costs, expenses, and attorney's fees.

*This notice explains your rights and the deadlines to exercise them.*
*Your legal rights will be affected whether you act or don't act.*
*Please read this notice carefully.*

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | Get a settlement payment and give up your rights to sue Defendant for past violations of the overtime laws. |
| **EXCLUDE YOURSELF** | Get no payment. You will not participate in the settlement. This is the only option that allows you to be part of a future lawsuit against Defendant about the claims in this case. |
| **OBJECT** | Write to the Court about why you don't believe the settlement is fair. |
| **PARTICIPATE IN A PHONE HEARING** | Ask to speak in Court in Chicago about the fairness of the settlement at a telephone hearing. |

The Court in charge of this case first must decide whether to approve the settlement. Settlement Funds will be distributed if the Court approves the settlement and after any appeals are resolved. The approval process may take several months.

*Questions? Call the Toll Free Number at 1-866-344-6230.*

# BASIC INFORMATION

| | |
|---|---|
| **1.** | **What is this lawsuit about?** |

This lawsuit alleges that Defendant violated Illinois and federal overtime laws by not paying workers the correct overtime rate of pay. More specifically, Plaintiffs argued that Defendant paid employees a non-discretionary production or performance bonus, labeled "Bonus" or "Warehouse Bonus" on their paycheck, but did not include those payments in calculating the workers' regular rate of pay.

| | |
|---|---|
| **2.** | **Why is this a class action?** |

In a class action, one or more people called Class Representatives sue as representatives of a larger group of people with similar legal claims. Together, they are called a "Class." Individuals in the Class are called "Class Members." One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. United States District Magistrate Judge Beth Jantz in Chicago is in charge of this class action.

| | |
|---|---|
| **3.** | **Why is there a settlement?** |

The Court has <u>not</u> decided in favor of the Plaintiffs or in favor of Defendant. There has been no trial or other ruling on the Plaintiffs' claims, and this proposed settlement should not be construed as an admission of liability or wrongdoing on the part of Defendant. Instead, both sides have agreed to a proposed settlement to avoid further litigation. The proposed settlement would provide affected Class Members compensation for their claims and avoid the costs, delays, and uncertainties of further litigation and a trial. Plaintiffs and their attorneys think the settlement is best for all Class Members.

| | |
|---|---|
| **4.** | **How do I know if I am in the settlement?** |

You are receiving this notice because Defendant's records show that you worked for Defendant at some point between September 16, 2018 and March 1, 2020 and received a "Bonus" or "Warehouse Bonus" payment during at least one workweek that you worked more than forty hours.

# THE SETTLEMENT BENEFITS — WHAT YOU GET

| | |
|---|---|
| **5.** | **What benefits does the settlement provide to Class Members?** |

Defendant will pay up to $137,000 to settle this lawsuit, plus the costs of administering the Settlement. From the $137,000, payments will be made to Class Counsel for attorneys' fees and costs and to the Named Plaintiffs for the risk they incurred and the time they spent in pursuing these claims. After these deductions are made, $88,000 will be made available to approximately 115 Class Members.

Class Counsel has reviewed Defendant's payroll records, including the number of hours

*Questions? Call the Toll Free Number at 1-866-344-6230.*

that you worked and the amounts that Defendant paid you each week during the relevant period. Using these records, Class Counsel has estimated that you may be owed **[Insert Damages Amount]**, prior to withholdings, in unpaid overtime wages for the time period September 16, 2018 through March 1, 2020. If the Court approves the Settlement, then you will receive a check that amounts to **[Insert Settlement Amount]**, prior to withholdings.

Unless you exclude yourself from the Settlement, you will receive a settlement check in exchange for your release of claims against Defendant. You must cash your settlement check no later than 90 days after it is mailed. If you do not cash your settlement check within 90 days, then your claims will still be released but the check will be voided and your damages award will be re-distributed among the other Class Members.

One half of the amount you receive under the Settlement represents taxable wage income, and the remainder represents taxable non-wage income. The Settlement Administrator will prepare and file IRS Forms W-2 and 1099 (and the equivalent state forms) as required by law for those who receive settlement payments. **Class Members are responsible for paying the appropriate individual taxes due on the settlement payments. All persons who have questions about tax consequences of payments under this Settlement should consult with their tax advisors.** The usual and customary deductions will be made from the wage portion of the settlement payment. Defendant will separately pay the employer's portion of all federal and state withholdings required by law.

| 6. | How can I get a settlement payment? |
|---|---|

To qualify for a settlement payment, you do not have to do anything. If you do nothing, then you will receive a settlement check as long as the Court approves the settlement. You must cash your settlement check within 90 days of mailing, or else it will be voided, and the money will be redistributed to other Class Members.

| 7. | When will I get an award? |
|---|---|

The Court will hold a hearing on ==XXXX, 2022== to decide whether to approve the settlement. If Judge Jantz approves the settlement after the hearing and there are no appeals, payments should be received within 45 days of the hearing. If there are appeals, resolving them can take time, perhaps more than a year. Please be patient.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

| 8. | If I want to get out of the settlement, what do I do? |
|---|---|

If you want to keep the right to sue Defendant on your own about the legal issues in this case, then you must take steps to get out. This is called "excluding" yourself — or is sometimes referred to as "opting out" of the Settlement Class.

*Questions? Call the Toll Free Number at 1-866-344-6230.*

To exclude yourself from the settlement, you must mail a signed letter stating:

"I am requesting to be excluded from the class monetary settlement. I understand that I will receive no money from the settlement."

The letter must contain your name, address, telephone number, and signature. Your letter must be sent to the Settlement Administrator at the address below and **postmarked** no later than <mark>XXXX</mark>, **2022.**

| SETTLEMENT ADMINISTRATOR |
|---|
| Medline Overtime Settlement |
| Simpluris, Inc. |
| Address Line 1 |
| Address Line 2 |

If you timely mail a letter requesting to exclude yourself from the settlement within the time limit, then you **will** be excluded from the settlement, **you will not get any settlement award,** and you **cannot** object to the Settlement, but you will not be legally bound by anything that happens in this lawsuit.

| **9.** | **What am I giving up to get an award or stay in the Class?** |
|---|---|

Unless you exclude yourself, you are staying in the Class, or "opting in," and that means that you cannot sue, continue to sue, or be part of any other lawsuit against Defendant about the legal issues in this case. More specifically, by doing nothing you are agreeing to release and waive the right to pursue any claims that arise out of the failure to pay or inaccurate payment of overtime premium pay by Defendant.

If you exclude yourself, or "opt-out" of the Class (See No. 8 above), you will not receive any settlement payment and you will not release any claims.

# THE LAWYERS REPRESENTING YOU

| **10.** | **Do I have a lawyer in this case?** |
|---|---|

The Court has appointed the law firm of Hughes, Socol, Piers, Resnick & Dym, Ltd., in Chicago to represent you and the other Class Members. These lawyers are called Class Counsel.

| **11.** | **How will the lawyers be paid?** |
|---|---|

You will not be personally charged to be represented by Class Counsel. Instead, Class Counsel will be paid out of the Settlement Funds. If you want to be represented by your own lawyer, then you may hire one at your own expense.

Class Counsel will ask the Court to approve payment of $45,000 from the Settlement Fund to compensate them for their attorneys' fees and litigation expenses incurred in

*Questions? Call the Toll Free Number at 1-866-344-6230.*

investigating the facts, litigating the case, and negotiating the settlement. It will be up to the Court whether to approve the amount of fees requested by Class Counsel.

# RELEASE

> **12.   You will receive a settlement check in exchange for your release of claims against Defendant. What claims are being released?**

For all periods up to March 1, 2020, and in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, upon the Court's Final Approval of this settlement, Class Members who do not exclude themselves from the Settlement by filing a valid and timely notice of exclusion from this Settlement, on their own behalf and on behalf of their respective current, former, and future heirs, executors, administrators, assigns, and agents, past or present, forever discharge and fully release Defendant and its current or former parent companies, subsidiaries, related or affiliated companies, and each of their respective officers, directors, shareholders, owners, employees, members, managers, fiduciaries, trustees, employee payroll administrators, principals, heirs, consultants, insurers and reinsurers, agents, attorneys, and their respective successors and predecessors in interest, assigns, subsidiaries, affiliates or related companies, and parents, and any individual or entity which could be jointly liable with Defendant (the "Released Parties") from any and all federal, Illinois state, and local law claims, debts, losses, demands, obligations, rights, liabilities, penalties, complaints, and causes of action, including, without limitation, claims for penalties, liquidated damages, compensatory damages, punitive damages, waiting time penalties, restitution, other equitable relief, or attorneys' fees and costs and that arise out of the failure to pay or inaccurate payment of overtime premium pay by Defendant. The claims released shall include, without limitation, known and unknown claims relating to: failure to pay or correctly calculate overtime wages, failure to timely pay overtime wages when due, and the underpayment of overtime wages under the Illinois Minimum Wage Law and Fair Labor Standards Act. This release shall also include all claims relating to, among other things, any alleged exclusion of commissions, bonuses, contests, prizes, restricted stock units, or other compensation from the calculation of overtime wages.

# OBJECTING TO THE SETTLEMENT

You have the legal right to inform the Court that you do not believe the proposed settlement is fair.

> **12.   How do I tell the Court if I don't like the settlement?**

You can object to the settlement if you don't believe that any part of it is fair. You must give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter to the following two addresses, which must be **postmarked** no later than <mark>XXXX,</mark> **2022**.

*Questions? Call the Toll Free Number at 1-866-344-6230.*

| CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|
| Christopher J. Wilmes | David L. Christlieb |
| Hughes Socol Piers | Scott Mainquist |
| Resnick & Dym, Ltd. | Littler Mendelson, P.C. |
| **Attn: Medline Overtime Case** | **Attn: Medline Overtime Case** |
| 70 W. Madison St. Suite 4000 | 321 N. Clark St., Suite 1100 |
| Chicago, IL 60602 | Chicago, IL 60654 |

If you choose to object to the settlement, then your objection must be in writing and must be signed by you. It must be specific about your reasons for objecting to the settlement. It also must include: (a) your full name, telephone number, and current address, and (b) a clear description of the basis for your objection**.**

### 13.    What's the difference between Objecting and Excluding?

Objecting is simply telling the Court that you don't believe something about the settlement is fair. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

# THE COURT'S FAIRNESS HEARING

The Court will hold a hearing by telephone to decide whether to approve the settlement. You may call in to the hearing and you may ask to speak, but you don't have to.

### 14.    When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing <u>by telephone conference</u> on XXXX**, 2022 at** XXXX **a.m**. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are written objections, then the Court will consider them. After the hearing, the Court will decide whether to approve the settlement and how much to pay Class Counsel. We do not know how long this decision will take.

### 15.    Do I have to participate in the hearing?

No. But you are welcome to participate by dialing XXX-XXX-XXXX, access code: XXXXXXX#. If you send an objection, you don't have to call in to the hearing to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also get your own lawyer to participate in the Fairness Hearing, but it is not necessary. You cannot speak at the hearing or appear through a lawyer if you excluded yourself.

### 16.    What happens if the settlement is not approved?

If the settlement is not approved by the Court, then it will be voided, no money will be

*Questions? Call the Toll Free Number at 1-866-344-6230.*

paid, and the case will continue to be litigated. If that happens, there is no assurance that: (a) the case will proceed as a class action; (b) any decision at trial would be in favor of the Class Members; (c) any trial or other ruling favorable to the Class would be as favorable to the Class Members as this settlement; or (d) any trial or other ruling favorable to the Class would be upheld if there are appeals.

| **17.** | **Are there more details about the settlement?** |
|---|---|

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can review a copy of the Settlement Agreement by contacting Class Counsel at 1-866-344-6230.

| **18.** | **What should I do if I move or change my contact information?** |
|---|---|

If you do not keep Class Counsel informed of your current address, then you may forfeit any entitlement to receive a monetary award. If there is any change in your address, please notify Class Counsel at:

Christopher J. Wilmes
Hughes Socol Piers
Resnick & Dym, Ltd.
**Attn: Medline Overtime Case**
70 W. Madison St. Suite 4000
Chicago, IL 60602
1-866-344-6230

# EXHIBIT B

# Exhibit B

| Employee ID | Settlement Award |
|---|---|
| 27840 | $ 2,690.00 |
| 2102 | $ 2,600.00 |
| 378 | $ 2,488.73 |
| 705709 | $ 2,385.30 |
| 25313 | $ 2,296.51 |
| 4718 | $ 2,262.03 |
| 701528 | $ 2,141.21 |
| 22367 | $ 2,013.16 |
| 561 | $ 1,962.45 |
| 12021 | $ 1,957.64 |
| 27457 | $ 1,793.53 |
| 751 | $ 1,771.42 |
| 17116 | $ 1,756.34 |
| 27879 | $ 1,728.30 |
| 261 | $ 1,642.74 |
| 706223 | $ 1,576.05 |
| 701172 | $ 1,532.97 |
| 28190 | $ 1,523.45 |
| 701103 | $ 1,493.64 |
| 707441 | $ 1,472.34 |
| 701765 | $ 1,419.89 |
| 24589 | $ 1,340.34 |
| 703191 | $ 1,317.59 |
| 28456 | $ 1,260.77 |
| 54 | $ 1,255.39 |
| 703617 | $ 1,208.37 |
| 706505 | $ 1,200.52 |
| 705599 | $ 1,170.45 |
| 161 | $ 1,116.12 |
| 24120 | $ 1,100.25 |
| 17242 | $ 1,075.80 |
| 706752 | $ 1,066.38 |
| 8342 | $ 1,039.15 |
| 10809 | $ 1,028.94 |
| 157 | $ 1,025.15 |
| 704903 | $ 1,024.74 |
| 17827 | $ 1,006.78 |
| 707371 | $ 957.57 |
| 27726 | $ 947.37 |
| 706253 | $ 935.90 |
| 24003 | $ 926.21 |
| 25370 | $ 858.06 |
| 16911 | $ 821.74 |
| 707465 | $ 809.95 |
| 703112 | $ 787.34 |

| | | |
|---|---|---|
| 145 | $ | 772.25 |
| 960 | $ | 767.62 |
| 28218 | $ | 738.90 |
| 16396 | $ | 734.02 |
| 705641 | $ | 732.81 |
| 27079 | $ | 719.50 |
| 816 | $ | 705.49 |
| 702584 | $ | 702.26 |
| 27309 | $ | 699.72 |
| 701663 | $ | 694.54 |
| 3062 | $ | 681.19 |
| 27637 | $ | 669.86 |
| 2025 | $ | 669.63 |
| 704481 | $ | 660.38 |
| 707622 | $ | 628.40 |
| 25386 | $ | 620.68 |
| 701376 | $ | 610.84 |
| 2941 | $ | 594.92 |
| 28508 | $ | 478.49 |
| 24004 | $ | 474.39 |
| 9925 | $ | 461.87 |
| 704550 | $ | 460.58 |
| 721620 | $ | 459.70 |
| 703139 | $ | 413.27 |
| 702469 | $ | 406.92 |
| 704482 | $ | 357.25 |
| 705159 | $ | 333.34 |
| 27982 | $ | 330.96 |
| 706214 | $ | 327.84 |
| 715863 | $ | 324.01 |
| 715868 | $ | 306.75 |
| 716793 | $ | 302.19 |
| 17217 | $ | 277.08 |
| 706427 | $ | 273.68 |
| 17167 | $ | 263.04 |
| 26804 | $ | 258.36 |
| 26886 | $ | 245.85 |
| 712583 | $ | 243.69 |
| 700898 | $ | 235.64 |
| 703303 | $ | 202.80 |
| 719499 | $ | 195.45 |
| 713090 | $ | 181.90 |
| 705702 | $ | 167.68 |
| 706557 | $ | 166.02 |
| 28191 | $ | 150.31 |
| 21949 | $ | 145.29 |
| 15418 | $ | 138.60 |

| | | |
|---|---|---:|
| 701527 | $ | 130.88 |
| 15220 | $ | 107.37 |
| 28129 | $ | 93.19 |
| 22888 | $ | 92.81 |
| 704238 | $ | 92.13 |
| 704589 | $ | 81.46 |
| 23992 | $ | 73.51 |
| 702253 | $ | 71.22 |
| 701475 | $ | 69.78 |
| 1000 | $ | 67.55 |
| 705538 | $ | 66.26 |
| 705908 | $ | 54.17 |
| 13380 | $ | 53.81 |
| 703713 | $ | 51.38 |
| 718678 | $ | 40.53 |
| 701339 | $ | 26.23 |
| 701526 | $ | 21.15 |
| 713276 | $ | 6.91 |
| 718679 | $ | 5.11 |
| 730 | $ | 5.00 |
| 714601 | $ | 5.00 |
| 716869 | $ | 5.00 |
| 707415 | $ | 5.00 |