# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL ZINSKY and SCOTT CASE, individually and on behalf of others similarly situated, | ) ) ) ) | Case No. 1:21-CV-04932 |
| Plaintiffs, | ) ) ) | **CLASS ACTION** |
| v. | ) ) ) | Hon. Beth W. Jantz |
| MEDLINE INDUSTRIES, INC., | ) ) ) ) | **DECLARATION OF MARY BUTLER REGARDING NOTICE AND SETTLEMENT ADMINISTRATION** |
| Defendant. | ) ) ) ) | Date: December 1, 2022 Time: 1:30 p.m. Place: |

## **DECLARATION OF MARY BUTLER**

I, MARY BUTLER, declare the following facts to be true and correct and if called as a witness would testify competently to the same:

1. I am employed as a Case Manager by Simpluris, Inc. ("Simpluris"), the claims administrator in the above-entitled action. My business address is 3194-C Airport Loop Drive, Costa Mesa, CA 92626. My telephone number is (714) 640-5607. I am over 21 years of age and authorized to make this declaration on behalf of Simpluris and myself.

2. Simpluris is a class action Settlement Administration Company headquartered in Costa Mesa, California. It was founded by individuals who have each managed hundreds of Settlements along with professionals in the areas of software development, third-party claims administration, mail-house operations and call center support management.

3. Simpluris was appointed by the Court as Settlement Administrator to administer the Settlement in accordance with the terms of the Joint Stipulation and Agreement to Settle Class Action Claims, (the "Settlement"). Simpluris has been responsible, among other things, for: (a) printing and mailing the Notice ("Notice"); (b) receiving undeliverable Notices; (c) receiving and requests for exclusion; (d) and answering questions from Class Members. If the Court grants final approval of the Settlement, Simpluris will be responsible, among other things, for: (e) calculating individual Settlement payments, distributing funds, and tax-reporting following final approval; (f) mailing Settlement checks; (g) and for such other tasks as the Parties mutually agree or the Court orders Simpluris to perform.

## **TOLL FREE TELEPHONE HELPLINE**

4. A toll-free telephone number was included in the Class Notice for the purpose of allowing the Class Members to call Simpluris and to make inquiries regarding the Settlement. The system is accessible 24 hours a day, 7 days a week, and will remain in operation throughout the settlement process. Callers have the option to speak with a live call center representative during normal business hours or to leave a message and receive a return call during non-business hours. The toll-free telephone number included in the Class Notice was 1-888-369-3780.

## NOTIFICATION TO THE CLASS

5. On August 4, 2022, Simpluris received the Court-approved Notice from Plaintiffs' Counsel. The Notice advised Class Members of their right to opt out from the Settlement, object to the Settlement, or do nothing, and the implications of each such action. The Notice advised Class Members of applicable deadlines and other events, including the Final Approval Hearing, and how Class Members could obtain additional information. A true and correct copy of an exemplar Notice is attached hereto as "**Exhibit A**".

6. On August 3, 2022, Counsel for Defendant provided Simpluris with a mailing list containing the name, last known address, Social Security Number, and pertinent employment information during the Class Period for the Class Members. The Class List contained data for 115 unique Class Members.

7. The mailing addresses contained in the Class List were processed and updated utilizing the National Change of Address Database ("NCOA") maintained by the U.S. Postal Service. The NCOA contains changes of address filed with the U.S. Postal Service. In the event that any individual had filed a U.S. Postal Service change of address request, the address listed with the NCOA was utilized in connection with the mailing of the Notices.

8. On August 26, 2022, after updating the mailing addresses through the NCOA, Notices were mailed via First Class Mail to 115 Class Members contained in the Class List.

9. As of this date, 5 Notices were returned by the post office. For those without a forwarding address, Simpluris performed an advanced address search (i.e. skip trace) on all of these addresses by using Accurint, a reputable research tool owned by Lexis-Nexis. Simpluris used the Class Member's name, previous address and Social Security number to locate a more current address. Five (5) Notices were re-mailed to either a newfound address, with forwarding addresses provided by the United States Postal Service or at the request of the Class Member. Ultimately, zero Notices were undeliverable.

## EXCLUSIONS AND OBJECTIONS

10. As of this date, Simpluris received 1 request for exclusion from the Settlement. The

last day to submit a valid request for exclusion was October 10, 2022.

11. As of this date, Simpluris has not received any objections. The last day to submit a valid objection is November 28, 2022.

## BREAKDOWN OF SETTLEMENT FUND

12. As of this date, there are 114 Participating Class Members who will be paid their portion of the Net Settlement Amount, estimated to be $88,000.00. The Net Settlement Amount available to pay Participating Class Members was determined as follows:

| | |
|---|---|
| **Gross Settlement Fund:** | **$137,000.00** |
| Less Attorneys' Fees | -$45,000.00 |
| Less Plaintiff Service Awards | -$4,000.00 |
| **NET SETTLEMENT FUND** | **$88,000.00** |

As of this date, the *highest* Settlement Share to be paid is approximately $2,690.00 and the *average* Settlement Share to be paid is approximately $771.87. These amounts are not final since timely responses can be received several days after the October 10, 2022 postmark deadline.

## ADMINISTRATION COSTS

13. Simpluris' total costs for services in connection with the administration of this Settlement, including fees incurred and anticipated future costs for completion of the administration, are $6,110.00. Simpluris' work in connection with this matter will continue with the calculation of the Settlement checks, issuance and mailing of those Settlement checks, etc., and to do the necessary tax reporting on such payments.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 28th day of October, 2022, at Frisco, TX.

_____
Mary Butler

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

**If you were employed at Medline Industries, Inc.'s Dynacor facility in Mundelein, Illinois between September 16, 2018 and March 1, 2020 and you received a "Bonus" or "Warehouse Bonus" during a week that you worked more than forty hours in a workweek, then you could receive an award from a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

«IMpull BarcodeEncoded»

«FirstName» «LastName» «BusinessName»
«Address1» «Address2»
«City», «State» «Zip»-«ZipDPC3»

SIMID «SIMID»

In September 2021, Michael Zinsky and Scott Case filed a class action lawsuit alleging that Medline Industries, Inc. ("Defendant") violated the Fair Labor Standards Act ("FLSA") and Illinois Minimum Wage Law ("IMWL") by not paying workers the correct overtime rate for hours worked in excess of forty hours in a workweek. To amicably resolve this lawsuit, the parties have agreed to settle this matter by:

- Compensating people who were allegedly not paid the correct overtime rate of pay for hours worked in excess of forty in a workweek;
- Compensating Michael Zinsky and Scott Case for the work that they performed in bringing this lawsuit;
- Paying for administering the settlement; and
- Paying the Plaintiffs' lawyers for their costs, expenses, and attorney's fees.

*This notice explains your rights and the deadlines to exercise them.*
*Your legal rights will be affected whether you act or don't act.*
*Please read this notice carefully.*

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | Get a settlement payment and give up your rights to sue Defendant for past violations of the overtime laws. |
| **EXCLUDE YOURSELF** | Get no payment. You will not participate in the settlement. This is the only option that allows you to be part of a future lawsuit against Defendant about the claims in this case. |
| **OBJECT** | Write to the Court about why you don't believe the settlement is fair. |
| **PARTICIPATE IN A PHONE HEARING** | Ask to speak in Court in Chicago about the fairness of the settlement at a telephone hearing. |

The Court in charge of this case first must decide whether to approve the settlement. Settlement Funds will be distributed if the Court approves the settlement and after any appeals are resolved. The approval process may take several months.

## BASIC INFORMATION

| 1. | What is this lawsuit about? |

This lawsuit alleges that Defendant violated Illinois and federal overtime laws by not paying workers the correct overtime rate of pay. More specifically, Plaintiffs argued that Defendant paid employees a non-discretionary production or performance bonus, labeled "Bonus" or "Warehouse Bonus" on their paycheck, but did not include those payments in calculating the workers' regular rate of pay.

| 2. | Why is this a class action? |

In a class action, one or more people called Class Representatives sue as representatives of a larger group of people with similar legal claims. Together, they are called a "Class." Individuals in the Class are called "Class Members." One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. United States District Magistrate Judge Beth Jantz in Chicago is in charge of this class action.

| 3. | Why is there a settlement? |

The Court has not decided in favor of the Plaintiffs or in favor of Defendant. There has been no trial or other ruling on the Plaintiffs' claims, and this proposed settlement should not be construed as an admission of liability or wrongdoing on the part of Defendant. Instead, both sides have agreed to a proposed settlement to avoid further litigation. The proposed settlement would provide affected Class Members compensation for their claims and avoid the costs, delays, and uncertainties of further litigation and a trial. Plaintiffs and their attorneys think the settlement is best for all Class Members.

| 4. | How do I know if I am in the settlement? |

You are receiving this notice because Defendant's records show that you worked for Defendant at some point between September 16, 2018 and March 1, 2020 and received a "Bonus" or "Warehouse Bonus" payment during at least one workweek that you worked more than forty hours.

## THE SETTLEMENT BENEFITS — WHAT YOU GET

| 5. | What benefits does the settlement provide to Class Members? |

Defendant will pay up to $137,000 to settle this lawsuit, plus the costs of administering the Settlement. From the $137,000, payments will be made to Class Counsel for attorneys' fees and costs and to the Named Plaintiffs for the risk they incurred and the time they spent in pursuing these claims. After these deductions are made, $88,000 will be made available to approximately 115 Class Members.

Class Counsel has reviewed Defendant's payroll records, including the number of hours that you worked and the amounts that Defendant paid you each week during the relevant period. Using these records, Class Counsel has estimated that you may be owed $«MERGED_DamagesAmt» prior to withholdings, in unpaid overtime wages for the time period September 16, 2018 through March 1, 2020. If the Court approves the Settlement, then you will receive a check that amounts to $«MERGED_EstSettAmnt», prior to withholdings.

Unless you exclude yourself from the Settlement, you will receive a settlement check in exchange for your release of claims against Defendant. You must cash your settlement check no later than 90 days after it is mailed. If you do not cash your settlement check within 90 days, then your claims will still be released but the check will be voided and your damages award will be re-distributed among the other Class Members.

One half of the amount you receive under the Settlement represents taxable wage income, and the remainder

represents taxable non-wage income. The Settlement Administrator will prepare and file IRS Forms W-2 and 1099 (and the equivalent state forms) as required by law for those who receive settlement payments. **Class Members are responsible for paying the appropriate individual taxes due on the settlement payments. All persons who have questions about tax consequences of payments under this Settlement should consult with their tax advisors.** The usual and customary deductions will be made from the wage portion of the settlement payment. Defendant will separately pay the employer's portion of all federal and state withholdings required by law.

### 6. How can I get a settlement payment?

To qualify for a settlement payment, you do not have to do anything. If you do nothing, then you will receive a settlement check as long as the Court approves the settlement. You must cash your settlement check within 90 days of mailing, or else it will be voided, and the money will be redistributed to other Class Members.

### 7. When will I get an award?

The Court will hold a hearing on **December 1, 2022 at 1:30 p.m.** to decide whether to approve the settlement. If Judge Jantz approves the settlement after the hearing and there are no appeals, payments should be received within 45 days of the hearing. If there are appeals, resolving them can take time, perhaps more than a year. Please be patient.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 8. If I want to get out of the settlement, what do I do?

If you want to keep the right to sue Defendant on your own about the legal issues in this case, then you must take steps to get out. This is called "excluding" yourself — or is sometimes referred to as "opting out" of the Settlement Class.

To exclude yourself from the settlement, you must mail a signed letter stating:

"I am requesting to be excluded from the class monetary settlement. I understand that I will receive no money from the settlement."

The letter must contain your name, address, telephone number, and signature. Your letter must be sent to the Settlement Administrator at the address below and **postmarked** no later than **October 10, 2022**.

| SETTLEMENT ADMINISTRATOR |
|---|
| Medline Overtime Settlement |
| Settlement Administrator |
| P.O. Box 26170 |
| Santa Ana, CA 92799 |
| Telephone: (888) 369-3780 |

If you timely mail a letter requesting to exclude yourself from the settlement within the time limit, then you **will** be excluded from the settlement, **you will not get any settlement award,** and you **cannot** object to the Settlement, but you will not be legally bound by anything that happens in this lawsuit.

### 9. What am I giving up to get an award or stay in the Class?

Unless you exclude yourself, you are staying in the Class, or "opting in," and that means that you cannot sue, continue to sue, or be part of any other lawsuit against Defendant about the legal issues in this case. More specifically, by doing nothing you are agreeing to release and waive the right to pursue any claims that arise out

of the failure to pay or inaccurate payment of overtime premium pay by Defendant.

If you exclude yourself, or "opt-out" of the Class (See No. 8 above), you will not receive any settlement payment and you will not release any claims.

## THE LAWYERS REPRESENTING YOU

**10. Do I have a lawyer in this case?**

The Court has appointed the law firm of Hughes, Socol, Piers, Resnick & Dym, Ltd., in Chicago to represent you and the other Class Members. These lawyers are called Class Counsel.

**11. How will the lawyers be paid?**

You will not be personally charged to be represented by Class Counsel. Instead, Class Counsel will be paid out of the Settlement Funds. If you want to be represented by your own lawyer, then you may hire one at your own expense.

Class Counsel will ask the Court to approve payment of $45,000 from the Settlement Fund to compensate them for their attorneys' fees and litigation expenses incurred in investigating the facts, litigating the case, and negotiating the settlement. It will be up to the Court whether to approve the amount of fees requested by Class Counsel.

## RELEASE

**12. You will receive a settlement check in exchange for your release of claims against Defendant. What claims are being released?**

For all periods up to March 1, 2020, and in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, upon the Court's Final Approval of this settlement, Class Members who do not exclude themselves from the Settlement by filing a valid and timely notice of exclusion from this Settlement, on their own behalf and on behalf of their respective current, former, and future heirs, executors, administrators, assigns, and agents, past or present, forever discharge and fully release Defendant and its current or former parent companies, subsidiaries, related or affiliated companies, and each of their respective officers, directors, shareholders, owners, employees, members, managers, fiduciaries, trustees, employee payroll administrators, principals, heirs, consultants, insurers and reinsurers, agents, attorneys, and their respective successors and predecessors in interest, assigns, subsidiaries, affiliates or related companies, and parents, and any individual or entity which could be jointly liable with Defendant (the "Released Parties") from any and all federal, Illinois state, and local law claims, debts, losses, demands, obligations, rights, liabilities, penalties, complaints, and causes of action, including, without limitation, claims for penalties, liquidated damages, compensatory damages, punitive damages, waiting time penalties, restitution, other equitable relief, or attorneys' fees and costs and that arise out of the failure to pay or inaccurate payment of overtime premium pay by Defendant, including but limited to, claims under the Illinois Minimum Wage Law. The claims released shall include, without limitation, known and unknown claims relating to: failure to pay or correctly calculate overtime wages, failure to timely pay overtime wages when due, and the underpayment of overtime wages. . This release shall also include all claims relating to, among other things, any alleged exclusion of commissions, bonuses, contests, prizes, restricted stock units, or other compensation from the calculation of overtime wages. Notwithstanding the foregoing, Class Members who do not exclude themselves from the Settlement by filing a valid and timely notice of exclusion from this Settlement do not release their claims, obligations, demands, actions, rights, liabilities and causes of action asserted against the Released Parties under the FLSA, until they sign, endorse, deposit, or cash their settlement check.

## OBJECTING TO THE SETTLEMENT

You have the legal right to inform the Court that you do not believe the proposed settlement is fair.

| 12. | How do I tell the Court if I don't like the settlement? |

You can object to the settlement if you don't believe that any part of it is fair. You must give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter to the following two addresses, which must be **received** no later than **November 28, 2022**.

| CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|
| Christopher J. Wilmes<br>Hughes Socol Piers<br>Resnick & Dym, Ltd.<br>**Attn: Medline Overtime Case**<br>70 W. Madison St. Suite 4000<br>Chicago, IL 60602 | David L. Christlieb<br>Scott Mainquist<br>Littler Mendelson, P.C.<br>**Attn: Medline Overtime Case**<br>321 N. Clark St., Suite 1100<br>Chicago, IL 60654 |

If you choose to object to the settlement, then your objection must be in writing and must be signed by you. It must be specific about your reasons for objecting to the settlement. It also must include: (a) your full name, telephone number, and current address, and (b) a clear description of the basis for your objection.

| 13. | What's the difference between Objecting and Excluding? |

Objecting is simply telling the Court that you don't believe something about the settlement is fair. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing by telephone to decide whether to approve the settlement. You may call in to the hearing and you may ask to speak, but you don't have to.

| 14. | When and where will the Court decide whether to approve the settlement? |

The Court will hold a Fairness Hearing by telephone conference on **December 1, 2022 at 1:30 p.m**. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are written objections, then the Court will consider them. After the hearing, the Court will decide whether to approve the settlement and how much to pay Class Counsel. We do not know how long this decision will take.

| 15. | Do I have to participate in the hearing? |

No. But you are welcome to participate by dialing 888-273-3658, access code: 2217918#. If you send an objection, you don't have to call in to the hearing to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also get your own lawyer to participate in the Fairness Hearing, but it is not necessary. You cannot speak at the hearing or appear through a lawyer if you excluded yourself.

| 16. | What happens if the settlement is not approved? |

If the settlement is not approved by the Court, then it will be voided, no money will be paid, and the case will continue to be litigated. If that happens, there is no assurance that: (a) the case will proceed as a class action; (b) any decision at trial would be in favor of the Class Members; (c) any trial or other ruling favorable to the Class

would be as favorable to the Class Members as this settlement; or (d) any trial or other ruling favorable to the Class would be upheld if there are appeals.

| 17. | Are there more details about the settlement? |
|---|---|

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can review a copy of the Settlement Agreement by contacting Class Counsel at 1-866-344-6230.

| 18. | What should I do if I move or change my contact information? |
|---|---|

If you do not keep Class Counsel informed of your current address, then you may forfeit any entitlement to receive a monetary award. If there is any change in your address, please notify Class Counsel at:

Christopher J. Wilmes
Hughes Socol Piers
Resnick & Dym, Ltd.
**Attn: Medline Overtime Case**
70 W. Madison St. Suite 4000
Chicago, IL 60602
1-866-344-6230
